UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIAN WHITAKER,<br><br>            Plaintiff,<br><br>    v.<br><br>PAMELA CHAU,<br><br>            Defendant. | Case No. 21-cv-07436-AGT<br><br>**ORDER DENYING MOTION TO DISMISS**<br><br>Re: Dkt. No. 8 |

      Brian Whitaker alleges that he's a quadriplegic who uses a wheelchair, that he went to the defendant's Oakland-based restaurant in August 2021, and that on the date of his visit, the defendant didn't provide wheelchair-accessible dining surfaces in compliance with the ADA. In more detail, Whitaker explains that "the dining surfaces did not provide sufficient toe and knee clearance for wheelchair users." Compl. ¶ 12.

      These allegations do more than "recite the elements of an ADA claim": they put the defendant "on notice of how the [dining surfaces] prevented Whitaker from full and equal access" to the defendant's restaurant. *Whitaker v. Tesla Motors, Inc.*, 985 F.3d 1173, 1177 (9th Cir. 2021). Because the allegations are not legal conclusions, they must be accepted as true at this stage in the case. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009). And when accepted as true, they state a plausible claim for relief under Title III of the ADA. *See Molski v. M.J. Cable, Inc.*, 481 F.3d 724, 730 (9th Cir. 2007) (identifying Title III elements); *see also Whitaker v. Zac Enterprise LLC*, 2021 WL 4554124, at *2 (N.D. Cal. Oct. 5, 2021) (Gilliam, J.) ("Plaintiff alleges that the dining surfaces 'lacked sufficient knee or toe clearance under the inside dining surfaces for wheelchair users.' The Court agrees with the other courts in this district that have found that such allegations are sufficient to state a claim under Rule 12(b)(6) . . . .") (simplified).

The defendant, Pamela Chau, argues that Whitaker hasn't alleged a claim for relief because his complaint doesn't identify the date and time in August when he went to her restaurant, doesn't name any of the staff he encountered, and doesn't identify the specific table at which he tried to sit.  *See* MTD, Dkt. 8 at 3.  This type of "who, what, when, where, and how" detail is required to state a claim for fraud, *Ebeid ex rel. U.S. v. Lungwitz*, 616 F.3d 993, 998 (9th Cir. 2010) (simplified), under Rule 9(b), but not to state a claim under the ADA.  ADA claims are measured under Rule 8, *see Whitaker*, 985 F.3d at 1175–78, which simply requires the complaint to include "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  Whitaker's complaint satisfies this standard.  Details of the kind that Chau seeks may come to light during discovery, but they needn't be included in the complaint.

Chau's motion to dismiss is denied.  Her answer is due by December 17, 2021.

**IT IS SO ORDERED.**

Dated: December 2, 2021

_____
Alex G. Tse
United States Magistrate Judge